SIMMONS HARDWARE Co. *v.* LANCASTER, Surveyor, etc.

(*Circuit Court, E. D. Missouri, E. D.* June 8, 1887.)

CUSTOMS DUTIES—CUTLERY—SHEEP SHEARS.
   Sheep shears are included within the meaning of the word "cutlery," as used in Schedule C of the tariff act of March 3, 1883, and the duty thereon is 35 per cent. *ad valorem.*

At Law. Suit to recover excessive duties.
*John M. Holmes,* for plaintiff.
*Thomas P. Bashaw,* for defendant.

THAYER, J., (*orally.*) In the case of the Simmons Hardware Company against Richard D. Lancaster, surveyor of the port of St. Louis, the question to be determined is whether sheep shears should pay a duty of 45 per cent. *ad valorem,* or only 35 per cent. That depends on whether they fall within the denomination of "cutlery" or otherwise.

The last clause of Schedule C of the tariff act of March 3, 1883, (U. S. St. at Large, vol. 22, p. 501,) only uses generic terms, viz.: "Manufacturer's articles or wares * * * composed wholly or in part of iron, steel," etc., "shall pay a duty of 45 per cent. *ad valorem.*" Such generic terms were no doubt intentionally used so as to cover any article that might not fall within any of the preceding subdivisions of Schedule C.

In drafting the last clause of the schedule the law-maker had no particular article in mind. The purpose of that clause was to cover any possible omission. The duty imposed thereby was made very high, to the end, no doubt, that any article which might escape duty by a strict construction of the preceding subdivisions would be caught under the general language of the last subdivision, and made to pay a duty that would be in any event adequate. For this reason no article should be charged with the duty imposed by the last clause of the schedule, if, by a fair and liberal interpretation, it is embraced within any of the preceding subdivisions.

The court will presume that congress intended to make the duty uniform on all articles of the same class, and especially on articles that are closely allied in the process of manufacture, unless a different intent is clearly manifest. It has imposed a duty of 35 per cent. *ad valorem* on "Cutlery." Cutlery is defined as including "all cutting tools made of steel, such as knives, forks, scissors, razors, shears," etc. I refer to McCullough's Dictionary of Commerce, also to Homan's Cyclopedia of Commerce. I find, also, that several large wholesale houses in this and other cities catalogue scissors, common shears, and sheep shears under the general head of "cutlery." In common parlance, there are different kinds of cutlery, such as "table and pocket cutlery," and "razors, scissors, and shears," as these catalogues show; but the word "cutlery" is evidently a generic term, which is often used to describe razors, scissors, and shears, as well as knives for table, pocket, and other uses

Adopting the foregoing definition of the term "cutlery," and applying the general rule of construction above indicated, it follows that the duty on sheep shears should be assessed at 35 per cent. *ad valorem*. There will be a judgment in this case in favor of the plaintiff.